UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ANTHONY JOHN PALUBICKI,<br><br>Petitioner,<br><br>v.<br><br>STATE OF MINNESOTA,<br><br>Respondent. | Case No. 17-cv-456 (DWF/LIB)<br><br><br>REPORT AND RECOMMENDATION |

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636.

On September 14, 2016, Petitioner Anthony John Palubicki filed his Petition for a Writ of Habeas Corpus, brought pursuant to 28 U.S.C. § 2254. (Petition [Docket No. 3]). On February 14, 2017, the present Petition was transferred to this Court from the District of Vermont, [Docket No. 7], where Palubicki is currently in prison. This Court has conducted a preliminary review of Palubicki's Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, this Court recommends dismissal of Palubicki's Petition.

After a jury trial, Palubicki was found guilty of one count of first-degree premeditated murder and two counts of first-degree felony murder and was sentenced to life in prison for each conviction. On appeal, the Supreme Court of Minnesota affirmed the convictions, but it remanded the case finding that the trial court erred when it entered separate adjudications and sentences for each of Palubicki's first-degree murder convictions. State v. Palubicki, 700 N.W.2d

476, 491 (Minn. 2005). On appeal from the remand, the Supreme Court of Minnesota vacated two of the three criminal convictions but noted that "if Palubicki's first-degree murder conviction is later vacated for any reason, the district court may then enter a first-degree felony murder judgment against Palubicki." State v. Palubicki, 727 N.W.2d 662, 668 (Minn. 2007).

On September 23, 2005, Palubicki filed a federal habeas petition in this District claiming that the exclusion of certain evidence during the trial was a violation of due process. On April 4, 2006, the habeas petition was denied on the merits and dismissed with prejudice. Palubicki v. State of Minn., No. 05-cv-2211 (JMR/JJG) (D. Minn. April 4, 2006). In January 2014, Palubicki was transferred to the Vermont Department of Corrections via a prisoner exchange. (Respondent's Mot., [Docket No. 4], at 1). On July 2, 2014, Palubicki filed a postconviction petition in Vermont state court challenging his Minnesota conviction, (Petition, [Docket No. 3], at 22), which was dismissed by that court for lack of subject matter jurisdiction over Palubicki's Minnesota conviction. In re Palubicki, No. 2015-127, 2015 WL 4771550 (Vt. Aug. 12, 2015). The dismissal was affirmed by the Supreme Court of Vermont. Id.

Palubicki then filed a habeas petition under 28 U.S.C. § 2254 in the United States District Court for the District of Vermont. The United States Magistrate Judge there recommended that the case either be dismissed as a second or successive habeas petition under 28 U.S.C. § 2244(b)(3)(A) or that the case be transferred to Minnesota. (Report and Recommendation [Docket No. 5]). The United States District Judge in Vermont transferred the case here so that this Court could "decide, in its discretion, to either dismiss Palubicki's petition . . . or transfer it to the United States Court of Appeals for the Eighth Circuit."  (Order [Docket No. 6]).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a "stringent set of procedures" that a prisoner must follow "if he wishes to file a 'second or

successive' habeas corpus application challenging [his] custody." Burton v. Stewart, 549 U.S. 147, 152 (2007). Before filing a second or successive habeas corpus application, the petitioner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The court of appeals will authorize the application only if the claim has not been presented in a prior application and the claim "relies on a new rule of constitutional law made retroactive to cases on collateral review" or "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim" would be sufficient to establish that "no reasonable factfinder would have found the applicant guilty." 28 U.S.C. § 2244(b)(2).

"AEDPA does not define what is meant by second or successive, but the Supreme Court has stated that the term does not encompass all applications 'filed second or successively in time.'" Crawford v. Minn., 698 F.3d 1086, 1089 (8th Cir. 2012) (quoting Panetti v. Quarterman, 551 U.S. 930, 943-44 (2007)). For example, claims that were not ripe; were premature; were dismissed for lack of exhaustion; or challenge a new, intervening judgment between the first and subsequent habeas petition are not typically second or successive. Magwood v. Patterson, 561 U.S. 320, 332, 339 (2010). If, however, a petitioner has already brought "claims contesting the same custody imposed by the same judgment of a state court" the petition cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals. See, Burton v. Stewart, 549 U.S. 147, 153 (2007).

Although the precise grounds for relief in Palubicki's petition are unclear, he still attacks his original conviction.[1] Palubicki already attacked his conviction in September, 2003, in his first

---

[1] Palubicki's federal petition is extremely vague and relies mostly on several hundred pages of exhibits. The exhibits include copies of his filings before the Vermont courts. In a filing with the Vermont Supreme Court, he summarizes more than 90 grounds for relief that he states are included in his 301-page petition. (Petition, [Docket No. 3], at 42-

3

§ 2254 federal habeas petition, and that petition was denied on the merits. See, Palubicki v. State of Minn., No. 05-cv-2211 (JMR/JJG) (D. Minn. April 4, 2006). He does not allege that his current habeas petition was preauthorized by the Eighth Circuit Court of Appeals, and it appears doubtful that he could meet the standards for second-or-successive habeas petitions established by § 2244(b)(2). Without preauthorization, this Court lacks jurisdiction to consider his petition. Accordingly, this Court recommends that Palubicki's petition be dismissed without prejudice.[2] See, 28 U.S.C. § 2244(b)(4). The petition is dismissed without prejudice should Palubicki obtain pre-approval from the Eighth Circuit and wish to return to this Court with his claims.

Finally, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). See, 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Palubicki's current habeas corpus petition differently than it is being

---

45). Although Palubicki may have attempted to present his grounds for relief before the Vermont state courts, he does not allege that he has presented any of these grounds to the Minnesota state courts.

[2] Even if this Court had jurisdiction to consider the petition, it is almost certainly untimely under 28 U.S.C. § 2244(d).  The federal statute of limitations expired ninety days from the date the conviction became final which, at the latest, would be 90 days from February 22, 2007, after the Minnesota Supreme Court reviewed the remand of his sentence. Although a state court postconviction petition tolls the limitations period (28 U.S.C. § 2244(d)(2)), Palubicki did not file his postconviction petition in Vermont until approximately seven years later on July 2, 2014. Even assuming the Vermont petition would toll the statute, § 2244(d)(2) does not restart a limitations period that has already expired. See, e.g., Painter v. State of Iowa, 247 F.3d 1255 (8th Cir. 2001) (providing that "by the time [petitioner] filed his state court application [for post-conviction relief]... there was no federal limitations period remaining to toll"); Jones v. Minnesota, No. 14-cv-1650 (SRN/HB), 2015 WL 672077, at *12 (D. Minn. Feb. 17, 2015) (citing Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005)). In the "Timeliness of Petition" section of his federal habeas petition, [Docket No. 3], Palubicki merely states "[p]lease see petition for writ of habeas corpus." (Petition, [Docket No. 3], at 13). Considering the length of the exhibits Palubicki filed, this statement is too vague for the Court to construe Palubicki's timeliness claim.

treated here. Palubicki has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Palubicki should not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner Anthony John Palubicki's Petition for a writ of habeas corpus, [Docket No. 3, be **DENIED**;

2. This action be **DISMISSED** without prejudice; and

3. No certificate of appealability be granted.


Dated: April 4, 2017                                s/Leo I. Brisbois
                                                    Leo I. Brisbois
                                                    United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.